UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS WARD KLINE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SWORDS TO PLOWSHARES, et al.,<br><br>　　　　　Defendants. | Case No.  25-cv-04971-EMC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT**<br><br>Docket No. 5 |

　　　　Previously, the Court granted Plaintiff Chris Ward Kline's application to proceed in forma pauperis ("IFP") but, pursuant to the required 28 U.S.C. § 1915(e) review, dismissed his complaint for failure to state a claim for relief.  The Court gave Mr. Kline leave to file an amended complaint.  *See* Docket No. 4 (order).  Mr. Kline has now filed a first amended complaint ("FAC") and the Court reviews that pleading as well pursuant to § 1915(e).

　　　　The FAC is difficult to follow.  It appears Mr. Kline is suing the City and County of San Francisco and Swords to Plowshares ("STP").  He appears to accuse Defendants of subjecting him, as well as his family and friends, to wiretaps and surveillance (including digital surveillance).  *See* FAC at 1.  According to Mr. Kline, through the wiretaps, Defendants have been able to delete or steal emails that he has sent to the local Housing Authority, and access his health care.  *See* FAC at 4, 6.  Mr. Kline also suggests that Defendants have used information collected from the wiretaps to influence others, such as City officials, vendors for the City, and entities that get grants from the City.  *See* FAC at 2.  Mr. Kline further alleges that the wiretaps have been used to attempt to murder him and/or harm his property.  *See* FAC at 8.  Finally, Mr. Kline claims that Defendants are aware of facts that make him a target for state-sponsored terrorism, including but

not limited to his connections to royalty.  While the bulk of the FAC focuses on the alleged wiretaps, Mr. Kline also refers to a state court case that STP brought against him (the case settled) and an attempt to overcharge him for rent which (although not clear) seems to have led to eviction proceedings.  *See* FAC at 3.

Taking into account the above allegations, the Court dismisses the FAC, as before, for failure to state a claim for relief.  Mr. Kline contention that he and others have been subjected to wiretapping and surveillance is conclusory.  There are no predicate facts to support the contention. His assertions that there have been attempts to murder him and that he is a target for state-sponsored terrorism are fanciful.  Finally, although Mr. Kline's allegation that he has been overcharged for rent (apparently, for Section 8 housing) does give the Court some pause, the allegation is still conclusory in nature.  Mr. Kline has failed to explain how he was overcharged for rent.   Moreover, he does not state a clear basis for federal jurisdiction over that claim.

To the extent Mr. Kline has cited a litany of federal statutes in his pleading, none is on point.  *See* FAC at 2. Many of the statutes are criminal statutes and do not appear to give rise to any private right of action.  Several provide protection for those in a protected class such as race, color, sex, or handicap, but Mr. Kline has made no allegations that he is in a protected class.

Because Mr. Kline has failed to state a claim for relief, even after the Court gave him an opportunity to file an amended pleading, the Court now dismisses his case with prejudice.  In light of this ruling, Mr. Kline's request for appointment of counsel is moot.

The Clerk of the Court is ordered to enter a final judgment in accordance with this order and close the file in this case.

**IT IS SO ORDERED**.

Dated: July 25, 2025

_____
EDWARD M. CHEN
United States District Judge

2